UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD STEPHEN DYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-733 CAS |
| | ) |
| JOETTA MITCHELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to withdraw his previously-filed motion to compel. Plaintiff states in the motion to withdraw that defendants have now submitted the discovery materials which were sought by the motion to compel.

The motion to compel, filed February 5, 2008, sought an order requiring defendants Mitchell, Ball-Tyler and Payne to provide initial disclosures which this Court had ordered to be exchanged by the parties no later than October 8, 2007. See Case Management Order at 1 (Doc. 33). Documents submitted with the motion indicate that plaintiff agreed to a brief extension of the disclosure deadline to October 26, 2007, but defendants failed to provide the initial disclosures, despite plaintiff's subsequent requests.

In response to the motion to compel, defendants filed their initial disclosures (Doc. 42), and a supplemental response containing additional initial disclosures (Doc. 47).[1] Defendants did not offer any explanation as to why the very simple and short initial disclosures were not timely submitted,

---

[1] Defendants' initial disclosures should not have been included in their response to the motion to compel. Pursuant to Local Rule 3.02, "In civil actions, discovery and disclosures materials pursuant to Fed. R. Civ. P. 26, 30, 31, 33, 34, 35 and 36, and the certificates of their service, shall not be filed with the Court except as exhibits to a motion or memorandum."

were not submitted until 120 days after they were due under the Case Management Order, and were not submitted until plaintiff filed a motion to compel. The Court is concerned about defendants' failure to comply with the Case Management Order's directive concerning initial disclosures. The Case Management Order provides, "Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just." (Doc. 33 at 2).

The open exchange of discovery among the parties is vital to the pre-trial process governed by the Case Management Order and the Federal Rules of Civil Procedure. Further, as a leading civil procedure treatise observes, "Courts have long understood that the administration of justice will be gravely jeopardized unless the discovery and disclosure systems are largely self-executing." 7 James Wm. Moore, et al., Moore's Federal Practice, § 37.23[1] (3d ed. 2007).

The Federal Rules permit and in some instances require the imposition of sanctions for failure to comply with court orders and discovery requests from opposing parties. Where, as here, a motion to compel has been filed, Rule 37(a)(5)(A) provides:

> (A) *If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith the obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5)(A).

Defendants Mitchell, Ball-Tyler and Payne, and their attorney, Assistant City Counselor Raymond B. Flojo, will be ordered to file a written statement, signed by each of them, showing justification under Rule 37(a)(5)(A) why the Court should not order them to pay plaintiff's reasonable expenses, including attorney's fees, incurred in connection with the motion to compel. In the event defendants fail to respond timely to this order, or if their response fails to establish justification, the Court will order plaintiff to submit a verified statement of the reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to withdraw his motion to compel is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that the motion to compel is **DENIED as moot**. [Doc. 40]

**IT IS FURTHER ORDERED** that by **March 11, 2008**, defendants Mitchell, Ball-Tyler and Payne, and their attorney, Assistant City Counselor Raymond B. Flojo, shall file a written statement, signed by each of them, showing justification under Rule 37(a)(5)(A) why the Court should not order them to pay plaintiff's reasonable expenses, including attorney's fees, incurred in connection with the motion to compel.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of February, 2008.