UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD STEPHEN DYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-733 CAS |
| | ) |
| JOETTA MITCHELL, ALMEDA | ) |
| BALL-TYLER, TERRY A. PAYNE, | ) |
| CORRECTIONAL MEDICAL SERVICES, | ) |
| INC., SUSAN SINGER, M.D., and | ) |
| EUGENE STUBBLEFIELD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on its own motion. By Memorandum and Order dated June 2, 2009, the Court denied the motion for summary judgment filed by defendants Joetta Mitchell, Almeda Ball-Tyler and Terry A. Payne. The Second Amended Complaint asserts claims against these defendants in their official and individual capacities, and seeks actual damages, punitive damages and injunctive relief.

**Discussion**

Pursuant to 28 U.S.C. § 1915A(b), a court must dismiss any portion of the complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Plaintiff's claims against the remaining defendants in their official capacities for monetary damages and for injunctive relief fail to state a claim upon which relief may be granted and should therefore be dismissed.

The Eighth Circuit Court of Appeals has explained that a suit against a public employee in her official capacity is actually considered a suit against the public entity itself:

> A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (internal citations omitted) (emphasis in original). The plaintiff must prove that the "municipality *itself* caused the constitutional violation at issue." Kuha v. City of Minnetonka, 365 F.3d 590, 604 (8th Cir. 2003) (emphasis in original). Therefore, to establish the liability of an official acting in his official capacity, the plaintiff must prove that "a policy or custom [of the city] caused the alleged violation." Rogers v. City of Little Rock, 152 F.3d 790, 800 (8th Cir. 1998). Therefore, "[a] municipality cannot be held liable *solely* because it employs a tortfeasor," meaning the municipality cannot be held liable on a respondent superior theory. Kuha, 365 F.3d at 603 (emphasis in original) (internal quotations and citation omitted).

Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006).

In accordance with the foregoing Eighth Circuit precedent, the Court must construe plaintiff's claims against the remaining defendants in their official capacities as claims against the City of St. Louis (the "City"). To recover on these claims, plaintiff must prove that a policy or custom of the City caused the alleged violation of his civil rights. See Rogers, 152 F.3d at 800. Because the Court has determined as a matter of law that no policy or custom of the City caused the alleged violation of his civil rights, see Memorandum and Order of June 2, 2009 at 9-12 (Doc. 99), defendants Mitchell, Ball-Tyler and Payne are entitled to dismissal of plaintiff's claims against them in their official capacities for monetary damages. In addition, it is well established that municipalities are not liable for punitive damages in actions under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Plaintiff's request for injunctive relief is not barred in a suit against the defendants in their official capacities. See Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989). Plaintiff cannot successfully bring a claim for injunctive relief against officials at the City Justice Center, however, because he has since been transferred to the Eastern Reception Diagnostic Correctional Center in Bonne Terre, Missouri. (See Pl.'s Resp. to Statement of Material Facts, ¶ 6 (Doc. 90)). A prisoner's claim for equitable relief against prison conditions is rendered moot by the inmate's transfer to another institution. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999); Pool v. Missouri Dept. of Corrections and Human Resources, 883 F.2d 640, 644 (8th Cir. 1989). Plaintiff's claims for injunctive relief should therefore be dismissed in their entirety.

**Conclusion**

For the foregoing reasons, on the Court's own motion, plaintiff's claims against defendants Joetta Mitchell, Almeda Ball-Tyler and Terry A. Payne in their official capacities for monetary damages, and plaintiff's claims against these defendants in their official and individual capacities for injunctive relief, should be dismissed. Remaining in the case are plaintiff's claims in Count II of the Second Amended Complaint against defendants Mitchell, Ball-Tyler and Payne in their individual capacities for actual and punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants Joetta Mitchell, Almeda Ball-Tyler and Terry A. Payne in their official capacities for actual and punitive damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Joetta Mitchell, Almeda Ball-Tyler and Terry A. Payne in their official and individual capacities for injunctive relief are **DISMISSED**.

                                                                                 */s/ Charles A. Shaw*
                                                                             **CHARLES A. SHAW**
                                                                             **UNITED STATES DISTRICT JUDGE**

Dated this __4th__ day of June, 2009.