# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HAROLD STEPHEN DYKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-733 CAS |
| ) | |
| JOETTA MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff's appointment counsel for attorneys' fees. The motion is not opposed and will be granted as follows.

Pursuant to the jury's verdict returned September 3, 2009, the Court entered judgment in favor of plaintiff and against defendant Joetta Mitchell in her individual capacity in the amount of $5,000.00 in actual damages. The Court had appointed Ms. Jill K. Luft of the firm Greensfelder, Hemker & Gale, P.C., as counsel for plaintiff in this present action brought pursuant to 42 U.S.C. § 1983. Mr. T. Christopher Bailey and Ms. Melanie A. Renken of the Greensfelder firm also entered their appearances on behalf of plaintiff. An award of reasonable attorneys' fees is available to prevailing parties in civil rights litigation under 42 U.S.C. § 1988(b). Plaintiff's counsel seek attorneys' fees in the amount of $7,500.00.

As the prevailing party, plaintiff is entitled to an award of attorneys' fees and costs. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (plaintiff who succeeds on any significant issue which achieves some of the benefit sought in bringing suit is a prevailing party); 42 U.S.C. § 1988. The Prison Litigation Reform Act ("PLRA") governs the award of attorneys' fees because plaintiff

brought this suit while an inmate. 42 U.S.C. § 1997e(d).[1] The PLRA limits the attorney-fee award against a defendant in prisoner civil-rights cases to 150 percent of the money judgment. 42 U.S.C. § 1997e(d)(2); see Royal v. Kautzky, 375 F.3d 720, 725 (8th Cir. 2004). As plaintiff was awarded $5,000.00 in money damages, the attorney-fee award cannot exceed $7,500.00.

The Court finds that plaintiff's counsel "directly and reasonably incurred [$7,500.00 in fees] in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under [42 U.S.C. §] 1988."[2] 42 U.S.C. § 1997e(d)(1)(A). The Court further finds that "the amount of the fee is proportionately related to the court ordered relief for the violation." 42 U.S.C. § 1997e(d)(1)(B)(I). Plaintiff's counsel seeks attorneys' fees at the rates of $90.00 per hour for in-court work and $60.00 per hour for out-of-court work.

The PLRA also requires that "a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant." 42 U.S.C. § 1997e(d)(2). The Eighth Circuit has held that when determining the percentage of an award to apply to attorneys' fees under § 1997e(d)(2), a district court should consider: (1) the degree of the opposing party's culpability or bad faith, (2) the ability of the opposing party to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing party could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions. Kahle v. Leonard, 563 F.3d 736, 743 (8th Cir. 2009).

---

[1] This portion of the PLRA applies to "any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title." 42 U.S.C. § 1997e(d)(1).

[2] The Court notes that appointed counsel actually expended far more hours of attorney time in prosecuting this case than they seek for reimbursement.

In this case, with respect to the first factor, the degree of defendant Mitchell's culpability was high. To return a verdict in plaintiff's favor, the jury had to find that Mitchell was deliberately indifferent to the substantial risk plaintiff would be attacked by inmate Manning. Plaintiff was in fact struck in the head by inmate Manning, who used a sock filled with batteries. Plaintiff testified that he was in fear of Manning, informed Mitchell of Manning's threats and more than once asked that one of them moved, but Mitchell took no action on his complaints and criticized plaintiff for reporting the threats. This factor therefore weighs in favor of applying only a small portion of the judgment to satisfy the amount of attorneys' fees.

As to the second factor, ability to pay, there is no evidence in the record with respect to Mitchell's assets or ability to satisfy the award of attorneys' fees. The record does show that Mitchell is employed by the St. Louis City Justice Center, and her counsel has stipulated to the $7,500.00 amount of attorneys' fees sought. The Court assumes, based on these two facts, that Mitchell is able to satisfy the attorneys' fee award. This factor is neutral in the calculation.

As to the third factor, deterrence, the Court finds that an award of attorneys' fees against Mitchell could deter other persons acting under similar situations. In other words, this award of fees may cause correctional officers at the St. Louis City Justice Center and elsewhere to be more aware of their constitutionally-imposed duty to protect pretrial detainees and inmates from attack at the hands of other inmates, and to respond when inmate threats are reported. This factor weighs in favor of applying only a small portion of the judgment to satisfy the amount of attorneys' fees.

The final factor is the relative merits of the parties' positions. The jury's verdict indicates that it believed plaintiff's testimony he reported his fears of attack to defendant Mitchell and she took no action, thus violating plaintiff's constitutional rights and resulting in physical injury to him. The final

3

factor therefore also counsels in favor of applying only a small portion of the judgment to satisfy the amount of attorneys' fees.

Having carefully considered the relevant factors, the Court will apply $250.00 (five percent) of the $5,000.00 judgment to the $7,500.00 in attorneys' fees in the instant action. The Court will order defendant Mitchell to pay the remainder of the attorneys' fees, in the amount of $7,250.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Attorneys' Fees is **GRANTED**. [Doc. 159]

**IT IS FURTHER ORDERED** that plaintiff's counsel is awarded $7,500.00 in attorneys' fees, which amount shall be deemed included in the judgment against defendant Joetta Mitchell.

**IT IS HEREBY ORDERED** that $250.00 of the judgment obtained by plaintiff Harold Stephen Dykes shall be applied to satisfy the award of attorneys' fees. The remainder of the attorneys' fee award is payable to plaintiff's counsel, Greensfelder, Hemker & Gale, P.C., 2000 Equitable Building, 10 South Broadway, St. Louis, Missouri 63102.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __5th__ day of October, 2009.